## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SANTA FE GOLDWORKS INC. and
DAVID GRIEGO,

      Plaintiffs,

v.                               No.    1:24-cv-01005

TURQUOISE TRAILS, LLC, d/b/a
TURQUOISE TRAIL JEWELRY;
AHMAD SHAWABKEH;
EDEN ON THE PLAZA, LLC, d/b/a
EDEN ON THE PLAZA;
MAJED HAMDOUNI;
RACHID SAGHROUNI;
FRANCHESKA SANDOVAL; and
MARK SULEIMAN,

      Defendants.

### AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES

    Plaintiffs Santa Fe Goldworks, Inc. and David Griego allege as follows for their Complaint against defendants.

### INTRODUCTION

1.    This action for copyright infringement arises from defendants' unauthorized copying, display, and sale of highly successful original jewelry designs created by plaintiffs David Griego and his company Santa Fe Goldworks, Inc. (Goldworks).

2.    Mr. Griego's and Goldworks' most successful jewelry creation is his RIVER OF LOVE® collection. This collection consists of rings and pendants with an original zigzag channel design inlaid with opal, turquoise, or other stones. An example is on the right:



3.      Variations of this design use different colored stone inlays, and some have diamond borders or center stones. These original jewelry designs are protected by six federal copyright registrations and have become widely sought out examples of custom jewelry designed and made in Santa Fe.

4.      Defendants are two company groups and the individuals who control and profit from the companies' infringement. The company groups are both retailers that sell plaintiffs' designs for profit. In addition, one of the retailers infringes plaintiffs' registered trademark without authorization, passing off their knockoffs as if they were plaintiffs'.

## PARTIES, VENUE, AND JURISDICTION

5.      Plaintiff Goldworks is a New Mexico corporation founded and owned by Mr. Griego, with its principal place of business in the City of Santa Fe. Goldworks is located on the Santa Fe Plaza at 60 East San Francisco St., Suite 218, Santa Fe, New Mexico 87501.

6.      Plaintiff David Griego is a resident of the City of Santa Fe, New Mexico.

7.      Upon information and belief, defendant Turquoise Trails, LLC, dba Turquoise Trail Jewelry is a New Mexico corporation with its principal place of business in Santa Fe. Turquoise Trail Jewelry is located just off the Santa Fe Plaza at 228 Old Santa Fe Trail, Suite 10, Santa Fe, New Mexico 87501.

8.      Upon information and belief, defendant Ahmad Shawabkeh is a resident of New Mexico. Ahmad Shawabkeh owns and controls Turquoise Trails, LLC.

9.      Turquoise Trails, LLC, and Ahmad Shawabkeh (collectively the "Turquoise Trail Defendants") intentionally copy, market, display, and sell infringing jewelry, which they identify as "River of Love" jewelry, just a stone's throw from plaintiffs' retail location.

2

10. Upon information and belief defendant Eden on the Plaza, LLC, dba Eden on The Plaza, is a New Mexico corporation with its principal place of business at 60 E. San Francico Street, Suite 217, Santa Fe, New Mexico 87501, next door to plaintiffs' retail location.

11. Upon information and belief, defendant Majed Hamdouni is a resident of New Mexico, an owner of Eden on the Plaza, LLC, and the primary manager of its day-to-day affairs.

12. Upon information and belief, defendant Rachid Saghrouni is a resident of New Mexico. Mr. Saghrouni is an owner of Eden on the Plaza, LLC, profits from and controls its business, and works as a salesperson.

13. Upon information and belief, defendant Francheska Sandoval is a resident of New Mexico. According to its website, Ms. Sandoval also owns Eden on the Plaza, LLC, and exercises control over its business.

14. Upon information and belief, defendant Mark Suleiman is a resident of New Mexico, holds the lease for 60 E. San Francisco Street, Suite 217, Santa Fe, New Mexico, and provides this space to the Eden Defendants for their infringing activities. Upon information and belief, he also finances, supplies, and controls Eden on The Plaza.

15. Eden on the Plaza, LLC, Majed Hamdouni, Rachid Saghrouni, Francheska Sandoval, and Mark Suleiman (collectively the "Eden Defendants") intentionally copy, market, display, and sell knockoffs of plaintiffs' Protected Designs which are protected by federal copyright law. The Eden Defendants sell these designs at a significant profit since they did not have to go through the laborious creative process behind developing successful original jewelry designs.

16.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Act of 1976, 17 U.S.C §§ 101 et seq., and the Lanham Act, 15 U.S.C. §1114 and § 1125(a).

17.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all defendants are subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

18.    Plaintiff David Griego began designing and making jewelry at his kitchen table in Santa Fe in the early 1970s. With simple tools, as a young man in his early twenties, he began fashioning rings, pendants, and bracelets. He worked at night and sold his jewelry during the day. His craftsmanship was exceptional, and his designs immediately attracted attention and respect. Mr. Griego founded Santa Fe Goldworks, Inc. in 1972. In the decades since, Mr. Griego has become one of New Mexico's most sought-after jewelry designers. In 2015 Goldworks was voted by Santa Feans the best jewelry store in Santa Fe, an honor Goldworks has received each year since. Goldworks attracts customers from other countries. In 2022 it served customers from Canada, France, Switzerland, and Australia. Goldworks and its thirteen employees served three thousand customers in 2022.

19.    Mr. Griego created his RIVER OF LOVE® design, with its now well-known inlay zigzag channel, in 1989-1990. RIVER OF LOVE® rings and earrings are inlaid with opal or turquoise in various colors, and sometimes inset with diamonds, blending traditional and contemporary Santa Fe style. Each piece Goldworks sells is handmade by Santa Fe craftsmen to rigorous quality standards. The collection is a major part of Mr. Griego's life's work, and its popularity is the result of his creativity and years of refinement, innovation, research, hard work,

and advertising. Sales of the RIVER OF LOVE® jewelry collection accounts for approximately one-third of Goldworks' total sales.

20.    Goldworks advertises the RIVER OF LOVE® jewelry collection regularly in citywide, statewide, and nationwide periodicals. These include *Inside Santa Fe*, *New Mexico Magazine*, *Texas Monthly*, and *Cowboys & Indians Magazine*, among others. *Texas Monthly* advertises itself as having a nationwide circulation of 34.6 million, and *Cowboys & Indians Magazine*, according to its advertising, reaches an average audience of close to 1.5 million each month. In 2022 alone, Goldworks invested nearly $200,000 in advertising, most of it including the RIVER OF LOVE® designs. Over the years, plaintiffs' marketing has reached countless millions of potential customers, generating substantial demand for RIVER OF LOVE® designs.

Goldworks is located on Santa Fe's historic Plaza. After half a century of integrity and innovation, Mr. Griego has a reputation for originality, excellence, and customer satisfaction. Goldworks maintains a positive presence in Santa Fe and consistently sponsors community events such as Music on the Plaza and Zozobra.

**The RIVER OF LOVE® Collection is Protected by Copyright**

21.    The RIVER OF LOVE® jewelry designs have been protected by copyright since their original creation in 1989-1990. Mr. Griego registered his copyrights before the infringement began. The Copyright Act encourages prompt registration by providing additional remedies in the form of statutory damages and attorneys' fees when a copyright is registered before infringement occurs. Plaintiffs have obtained six federal copyright registrations, covering what are collectively referred to herein as the "Protected Designs."

22.    Mr. Griego secured his first copyright registration on December 18, 1998, long before defendants began copying and selling versions of the Protected Designs. That 1998

registration, Vau000445670, attached as **Exhibit A**, covers the following three original ring designs created in 1990:




23.    On September 8, 2009, Goldworks registered five additional copyrights for RIVER OF LOVE® design variations, as follows:

(1) Small Opal River of Love Pendant with Pavè, U.S. Copyright Registration VA 1-703-737, attached as **Exhibit B**.



(2) Opal River of Love Ring with Flat Edge & Round Brilliant Diamond, U.S. Copyright Reg. VA 1-703-738, attached as **Exhibit C**.



(3)  Opal River of Love Ring with Pavè Round Brilliant Edge with Round Brilliant Diamond, U.S. Copyright Reg. VA 1-703-740, attached as **Exhibit D**.



(4)  Small Turquoise River of Love Pendant with Pavè, U.S. Copyright Reg. VA 1-703-746, attached as **Exhibit E**.



(5)  Turquoise River of Love Ring, U.S. Copyright Registration VA 1-703-749, attached as **Exhibit F**.



24.     Neither Mr. Griego nor Goldworks has ever licensed any of their works to defendants or permitted copying by defendants.

**RIVER OF LOVE® is a Registered Trademark**

25.     Plaintiff Goldworks has used RIVER OF LOVE® as a trademark for these designs since their creation. On September 1, 2015, Goldworks received a federal trademark registration for RIVER OF LOVE®, Reg. No. 4,803,622, for "jewelry, namely, rings, pendants, earrings and bracelets" (the Trademark). A copy of Goldworks' trademark registration certificate is attached as **Exhibit G**.

26.     Since 2015, Goldworks has continuously used RIVER OF LOVE® as a trademark for jewelry.

27.     The Trademark is statutorily incontestable.

**Copyright and Trademark Infringement by the Turquoise Trail Defendants**

28.     Plaintiffs recently discovered the Turquoise Trail Defendants market and sell infringing copies of plaintiffs' Protected Designs, rather than developing their own designs or selling public domain jewelry designs. Unlike Goldworks, the Turquoise Trail Defendants have not spent decades creating, developing, and advertising these pieces. Moreover, they call their

infringing copies "River of Love." A photo of two infringing rings that the Turquoise Trail Defendants identify as "River of Love" is below:



29.     Upon information and belief, defendant Ahmad Shawabkeh owns, operates, and controls Turquoise Trail Jewelry just off the Santa Fe Plaza, where the infringing jewelry is displayed and distributed, and profits from the infringement.

30.     The Turquoise Trail Defendants' reproduction, marketing, and sale of unauthorized copies of plaintiffs' Protected Designs has diminished Goldworks' sales, unfairly eroded Goldworks' reputation for high quality, conveyed to the public that the RIVER OF LOVE® is not Mr. Griego's original design, and caused financial harm to plaintiffs.

31.     The Turquoise Trail Defendants' use of RIVER OF LOVE® in connection with jewelry is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the Turquoise Trail Defendants' goods.

**Copyright Infringement by Eden on the Plaza, LLC**

32.     The Eden Defendants also display, distribute, and sell infringing copies of plaintiffs' Protected Designs. Photos of two infringing rings being distributed by the Eden Defendants are below:

 

33.    Majed Hamdouni, Rachid Saghrouni, and Francheska Sandoval are co-owners of Eden on the Plaza, profit from Eden on The Plaza's sale of plaintiffs' protected designs and have the right and ability to supervise or stop such sales.

34.    Upon information and belief, Majed Hamdouni has primary control over the day-to-day operations of Eden on the Plaza, including sourcing inventory for the store.

35.    Upon information and belief, Mark Suleiman has been in the jewelry business in New Mexico since at least 1994 and leases the space at 60 E. San Francisco St. and provides it to the Eden Defendants for their infringing activities.

36.    Upon information and belief, Mark Suleiman finances the operations of Eden on The Plaza, and as a result has control over its actions. Majed Hamdouni has owned and operated other jewelry stores that have failed, but Mark Suleiman's financing and control support Eden on The Plaza. Upon information and belief, Majed Hamdouni wished to begin retailing cosmetics at 60 E. San Francisco St., but Mark Suleiman did not permit it, and Majed Hamdouni acquiesced. Mark Suleiman is consistently and frequently physically present at Eden on The Plaza.

37.     Upon information and belief, Mark Suleiman is also the owner of Divino Diamonds & Jewels, Inc., a New Mexico corporation with its principal place of business located at 60 E. San Francisco St., Suite 217, Santa Fe, New Mexico 87501, the same place where Eden on The Plaza is located, and supplies the Eden Defendants with merchandise, including infringing merchandise, to display and sell.

38.     The Eden Defendants' reproduction, marketing, and sale of unauthorized copies of plaintiffs' Protected Designs has diminished Goldworks' sales, unfairly eroded Goldworks' reputation for high quality, conveyed to the public that the Protected Designs are not Mr. Griego's original designs, and caused financial harm to plaintiffs.

## COUNT I
### Copyright Infringement
*against Ahmad Shawabkeh, Turquoise Trails, LLC, Majed Hamdouni,*
*and Eden on the Plaza, LLC*

39.     Plaintiffs incorporate by reference all of the foregoing allegations.

40.     Plaintiffs own registered copyrights covering the Protected Designs.

41.     The Turquoise Trail Defendants have had abundant access to the Protected Designs, which have been advertised widely and have been sold within walking distance of defendants since 1990.

42.     The Turquoise Trail Defendants copy, display, and distribute and sell to the public jewelry that is substantially similar to plaintiffs' Protected Designs.

43.     The Turquoise Trail Defendants were never authorized to copy the Protected Designs.

44.     The Turquoise Trail Defendants infringe plaintiffs' copyrights by reproducing substantial protected elements of the Protected Designs and displaying and distributing to the public this substantially similar jewelry.

45.    The Turquoise Trail Defendants also infringe by creating derivative works based on plaintiffs' Protected Designs and displaying and distributing such works to the public.

46.    The Turquoise Trail Defendants' infringement is ongoing and continuing.

47.    The Turquoise Trail Defendants have realized unlawful profits from the unauthorized reproduction, preparation of derivative works, display, and distribution to the public of works copying plaintiffs' Protected Designs.

48.    Eden on the Plaza, LLC and Majed Hamdouni have abundant access to the Protected Designs which are created and sold by Goldworks next door to Eden on The Plaza.

49.    Eden on the Plaza, LLC and Majed Hamdouni copy, display, and distribute and sell to the public jewelry that is substantially similar to plaintiffs' Protected Designs, though they were never authorized to copy the Protected Designs.

50.    Eden on the Plaza, LLC and Majed Hamdouni infringe plaintiffs' copyrights by reproducing substantial protected elements of the Protected Designs and displaying and distributing to the public this substantially similar jewelry. Their infringement is ongoing and continuing and they have realized unlawful profits from the unauthorized reproduction, preparation of derivative works, display, and distribution to the public of works copying plaintiffs' Protected Designs.

51.    The defendants' past and continuing infringement is willful.

52.    The defendants' conduct creates a threat of continuing infringement, unless permanently enjoined by Order of this Court. Plaintiffs have no adequate remedy at law.

53.    The defendants' actions violate plaintiffs' exclusive rights under 17 U.S.C. § 106.

54.    Each copied ring, pendant, or other derivative work, and each display of such work and distribution of such work to the public, as well as the threat of continuing infringement,

constitutes a separate claim against the defendants. Plaintiffs have sustained, and will continue to sustain, substantial damage from such infringement.

**COUNT II**
**Contributory Copyright Infringement**
*against Ahmad Shawabkeh, Majed Hamdouni, and Rachid Saghrouni*

55.    Plaintiffs incorporate by reference all of the foregoing allegations.

56.    Plaintiffs own registered copyrights covering the Protected Designs.

57.    Upon information and belief, Defendant Shawabkeh has profited as a result of having knowingly induced, fostered, caused, materially contributed to, or participated in the reproduction, display, and distribution of plaintiffs' Protected Designs. He had knowledge that plaintiffs' Protected Designs were being infringed, and materially contributed to the infringing activity by assisting in the reproduction and preparation of derivative works based on plaintiffs' Protected Designs, and the displaying and distributing of such infringing works to the public.

58.    Upon information and belief, defendant Ahmad Shawabkeh operates Turquoise Trail Jewelry just off the Santa Fe Plaza where the infringing jewelry is displayed and distributed.

59.    Due to defendant Shawabkeh's acts of contributory infringement, plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial.

60.    Due to defendant Shawabkeh's acts of contributory infringement, defendants have obtained direct and indirect profits they would not have realized but for their infringement of plaintiffs' protected designs.

61.    Upon information and belief, defendant Shawabkeh continues to profit from the reproduction, display, and distribution of substantially similar copies of plaintiffs' Protected Designs. Defendant Shawabkeh's past and continuing copying of the Protected Designs constitutes

willful, deliberate, and ongoing infringement of plaintiffs' copyrights, causing actual and continuing damage and irreparable harm to plaintiffs. Plaintiffs have no adequate remedy at law.

62.    Upon information and belief, Majed Hamdouni and Rachid Saghrouni have knowingly induced, fostered, caused, materially contributed to, or participated in the reproduction, display, and distribution of plaintiffs' Protected Designs. They had knowledge that plaintiffs' Protected Designs were being infringed, and materially contributed to the infringing activity by assisting in the reproduction and preparation of derivative works based on plaintiffs' copyrighted designs, and the displaying and distributing of such infringing works to the public.

63.    Upon information and belief, Majed Hamdouni, Rachid Saghrouni, and Francheska Sandoval own and operate Eden on The Plaza on the Santa Fe Plaza, just steps from plaintiffs' store, where the infringing jewelry is displayed and distributed.

64.    Due to Majed Hamdouni's and Rachid Saghrouni's acts of contributory infringement, plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial.

**COUNT III**
**Vicarious Copyright Infringement**
*against Ahmad Shawabkeh, Majed Hamdouni, Rachid Saghrouni, Francheska Sandoval, and Mark Suleiman*

65.    Plaintiffs incorporate by reference all of the foregoing allegations.

66.    As the owner of Turquoise Trails, LLC, Defendant Ahmad Shawabkeh has a direct and obvious financial interest in and profits as a result of having the right and ability to supervise the infringing reproduction, display, and distribution of plaintiffs' Protected Designs. Consequently, he is vicariously liable for the copyright infringement alleged herein. He directs and controls all Turquoise Trails, LLC's infringing activities as the owner of Turquoise Trails, LLC and is therefore vicariously liable for its copyright infringement alleged herein.

67.     Due to Defendant Ahmad Shawabkeh's acts of vicarious infringement, plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial.

68.     Due to Defendant Ahmad Shawabkeh's acts of vicarious infringement, defendants have obtained direct and indirect profits they would not have realized but for their infringement of plaintiffs' Protected Designs.

69.     The Turquoise Trail Defendants' past and continuing copying of the Protected Designs constitutes willful, deliberate, and ongoing infringement of plaintiffs' copyrights, causing actual and continuing damage and irreparable harm to plaintiffs. Plaintiffs have no adequate remedy at law.

70.     As owners of Eden on The Plaza, Hamdouni, Rachid Saghrouni, and Francheska Sandoval have a direct financial interest in and profited as a result of having the right and ability to supervise the infringing reproduction, display, and distribution of plaintiffs' Protected Designs. Consequently, they are vicariously liable for the copyright infringement alleged herein. They direct and control Eden on the Plaza, LLC's infringing activities. They have obvious financial interests in Eden on the Plaza, LLC's continued distribution of unlawful copies of plaintiffs' copyrighted design as its owners. They are therefore vicariously liable for the copyright infringement alleged herein.

71.     Due to Majed Hamdouni's, Rachid Saghrouni's, and Francheska Sandoval's acts of vicarious infringement, plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial.

72.     Due to Majed Hamdouni's, Rachid Saghrouni's, and Francheska Sandoval's acts of vicarious infringement, the Eden Defendants have obtained direct and indirect profits they would not have realized but for their infringement of plaintiffs' Protected Designs.

73.     Upon information and belief Mark Suleiman has a financial interest in the infringing reproduction, display, and distribution of plaintiffs' Protected Designs. He finances, provides retail space for, directs, and controls the Eden Defendants' infringing activities. Mr. Suleiman has the ability to prevent the infringement, having the ability to direct what the Eden Defendants offer for sale. He is therefore vicariously liable for the copyright infringement alleged herein.

74.     Due to Mark Suleiman's acts of vicarious infringement, plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial.

75.     Due to Mr. Suleiman's acts of vicarious infringement, he and the Eden Defendants have obtained direct and indirect profits they would not have realized but for their infringement of plaintiffs' Protected Designs.

76.     Upon information and belief, Mr. Suleiman continues to profit from the reproduction, display, and distribution of substantially similar copies of plaintiffs' Protected Designs by the Eden Defendants. Mr. Suleiman's support of the past and continuing copying of the Protected Designs by the Eden Defendants constitutes willful, deliberate, and ongoing vicarious infringement of plaintiffs' copyrights, causing actual and continuing damage and irreparable harm to plaintiffs. Plaintiffs have no adequate remedy at law.

**COUNT IV**
**Federal Trademark Infringement and Unfair Competition Under 15 U.S.C. §1114**
*against Ahmad Shawabkeh and Turquoise Trails, LLC*

77.     Plaintiffs incorporate by reference all of the foregoing allegations.

78.     RIVER OF LOVE®, U.S. Reg. No. 4,803,622 is a valid and subsisting trademark and provides plaintiffs with the exclusive right to use RIVER OF LOVE® in commerce in connection with jewelry, namely rings, pendants, earrings, and bracelets.

79.     The Turquoise Trail Defendants' use of RIVER OF LOVE® for jewelry constitutes willful and knowing infringement of plaintiffs' trademark rights in RIVER OF LOVE®.

80.     The Turquoise Trail Defendants' conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, leading them to mistakenly believe that the Defendants' products are those of plaintiffs.

81.     The Turquoise Trail Defendants' conduct has caused and, unless enjoined by this Court, will continue to cause irreparable harm, damage, and injury to plaintiffs.

82.     Plaintiffs have no adequate remedy at law.

83.     As a direct and proximate result of the Turquoise Trail Defendants' infringement, plaintiffs have and continue to suffer damages in an amount to be proved at trial, along with irreparable harm. Plaintiffs are entitled to all available and applicable remedies including preliminary and permanent injunctive relief, disgorgement of defendants' profits, punitive damages, other damages, costs, and reasonable attorneys' fees.

**COUNT V**
**False Designation of Origin Under 15 U.S.C. §1125(a)**
*against Ahmad Shawabkeh and Turquoise Trails, LLC*

84.     Plaintiffs incorporate by reference all of the foregoing allegations.

85.     The Turquoise Trail Defendants' use of "River of Love" in connection with jewelry falsely designates the origin of their product as Goldworks' by creating the false impression that Goldworks sponsors or approves of the Turquoise Trail Defendants' products or that the Turquoise Trail Defendants' jewelry is associated or affiliated with Goldworks. The Turquoise Trail

Defendants' infringing use deceives prospective purchasers into believing that the jewelry sold by the Turquoise Trail Defendants originates from or is endorsed by Goldworks. The Turquoise Trail Defendants' use of the infringing mark is likely to deceive and has deceived consumers into believing that the Turquoise Trail Defendants are in some way associated with, connected with, or affiliated with Goldworks, all of which harms Goldworks.

86.    Goldworks has no control over the quality of the jewelry designed, produced, and distributed by the Turquoise Trail Defendants. The Turquoise Trail Defendants' malicious disregard for Goldworks' rights is harmful to the public and to Goldworks.

87.    Upon information and belief, the Turquoise Trail actions were undertaken willfully and with knowledge of the falsity of the designation of origin, descriptions, and/or representations used in connection with the sale of the Turquoise Trail Defendants' jewelry designs. The Turquoise Trail Defendants willfully and with knowledge sell infringing copies of plaintiffs' Protected Designs in connection with RIVER OF LOVE®, and cause these deceptions to be advertised, offered, and sold in interstate commerce to the immediate and irreparable harm of Goldworks.

88.    Upon information and belief, the Turquoise Trail Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the Turquoise Trail Defendants' false designation of origin in an amount that is not presently known to Goldworks. By reason of the Turquoise Trail Defendants' actions, constituting false designation of origin, Goldworks has been damaged and is entitled to monetary relief in an amount to be determined at trial.

89.    Unless and until preliminarily and permanently enjoined by this Court, the Turquoise Trail Defendants' infringement of RIVER OF LOVE® will continue to the detriment of Goldworks, for which Goldworks has no adequate remedy at law.

**COUNT VI**
**<u>Common Law Trademark Infringement & Unfair Competition</u>**
*against Ahmad Shawabkeh and Turquoise Trails, LLC*

90.     Plaintiffs incorporate by reference all of the foregoing allegations.

91.     RIVER OF LOVE® is an inherently distinctive trademark. Consumers have come to recognize RIVER OF LOVE® as denoting a high-quality product and Goldworks as its source.

92.     The Turquoise Trail Defendants' use of RIVER OF LOVE® infringes Goldworks' trademark rights in RIVER OF LOVE®.

93.     The Turquoise Trail Defendants' use of RIVER OF LOVE® has caused and continues to cause damage and injury to Goldworks.

94.     Goldworks has no adequate remedy at law because it has suffered and continues to suffer irreparable harm as a result of the Turquoise Trail Defendants' acts and is therefore entitled to preliminary and permanent injunctive relief to enjoin the Turquoise Trail Defendants' wrongful acts.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE plaintiffs pray for relief as follows:

A.     For the Court to permanently enjoin defendants, their directors, officers, agents, representatives, subsidiaries, and affiliates and all persons acting by, through, or in concert with any of them from:

1) infringing or contributing to or participating in the infringement of plaintiffs' Protected Designs, or acting in concert with others to infringe plaintiffs' copyrighted designs in any way;

2) copying, duplicating, creating derivative works from, selling, marketing, or distributing in any manner any Protected Design;

3) imitating, copying, duplicating, or otherwise making any use of RIVER OF LOVE® or any mark confusingly similar to RIVER OF LOVE®;

4) using RIVER OF LOVE® or a colorable imitation of RIVER OF LOVE® or any confusingly similar mark;

5) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any goods or services advertised, promoted, offered, or sold by Turquoise Trails, LLC is sponsored, endorsed, connected with, approved or authorized by plaintiffs;

6) causing a likelihood of confusion or injury to plaintiffs' business reputation and to the distinctiveness of the RIVER OF LOVE® mark by unauthorized use of any confusingly similar mark;

7) engaging in any other activity constituting unfair competition or infringement of the RIVER OF LOVE® mark or plaintiffs' rights in, or to use, or to exploit the same;

8) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (3) through (8) above.

B.    For the Court to require defendants to pay plaintiffs all damages sustained as a result of defendants' conduct;

C.    For the Court to require defendants to account for and disgorge to plaintiffs all gains, profits, and advantages derived from their conduct;

D.    For the Court to require defendants to pay plaintiffs statutory damages, which should be increased due to defendants' willful infringement;

E.    For the Court to require defendants to pay plaintiffs' costs and reasonable attorneys' fees;

F.      For the Court to find the Turquoise Trail Defendants liable for infringement of plaintiffs' RIVER OF LOVE® trademark in violation of federal law, for unfair competition in violation of federal law, for false designation of origin in violation of federal law, for common law trademark infringement, and have damaged plaintiffs by their conduct;

G.      For the Court to find the defendants liable for copyright infringement in violation of federal law and have damaged plaintiffs by their conduct;

H.      For the Court to find that defendants engaged in unfair competition in violation of the common law of the State of New Mexico;

I.      For the Court to award plaintiffs monetary damages in an amount to be fixed at trial;

J.      For the Court to award plaintiffs all of defendants' profits or gains of any kind resulting from their infringement;

K.      For the Court to order the impoundment of all of defendants' infringing jewelry; and

L.      That plaintiffs be granted such other relief as is just and equitable.

## JURY DEMAND

Plaintiffs demand a jury trial of all issues triable to a jury in this matter.

Respectfully submitted,

BARDACKE ALLISON MILLER LLP

By: */s/ Benjamin Allison*
Benjamin Allison
Billy Trabaudo
Rose Cowan
141 E. Palace Avenue
Santa Fe, NM  87504-1808
505-995-8000
ben@bardackeallison.com

21

billy@bardackeallison.com
rose@bardackeallison.com

*Counsel for Plaintiffs Santa Fe Goldworks,*
*Inc. and David Griego*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be filed through the Court's CM/ECF system which caused all parties and counsel entitled to receive notice to be served electronically as more fully described on the Notice of Electronic Filing.

BARDACKE ALLISON MILLER LLP

By:    */s/ Benjamin Allison*
Benjamine Allison