**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SANTA FE GOLDWORKS INC. and
DAVID GRIEGO,

       Plaintiffs,

       v.                                  Civ. No. 24-1005 SCY/KK

TURQUOISE TRAILS, LLC, AHMAD
SHAWABKEH, EDEN ON THE PLAZA,
LLC, MAJED HAMDOUNI, RACHID
SAGHROUNI, FRANCHESKA
SANDOVAL, and MARK SULEIMAN,

       Defendants.

**<u>ORDER GRANTING DEFAULT</u>**

This matter is before the Court following entry of its Order to Show Cause. Doc. 228. As explained in that Order, Defendant Eden On The Plaza, LLC ("Defendant Eden") was originally represented by counsel. Doc. 101. On July 14, 2025, Defendant Eden's counsel filed a motion to withdraw from representing Eden. *Id.* After a hearing, Magistrate Judge Kirtan Khalsa granted the motion to withdraw. Doc. 136. Subsequently, Judge Khalsa ordered that "Eden on the Plaza LLC shall have until September 12, 2025, to find substitute counsel or otherwise face sanctions." Doc. 140 at 1. Despite this order, to date, Defendant Eden has not obtained counsel.

Defendant Eden is not a natural person and this district's local rules require that an entity other than a natural person be represented by an attorney. D.N.M. LR-Civ. 83.7; *see also Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). Without an attorney, "any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment

or other sanctions imposed." D.N.M. LR-Civ. 83.8(c). Accordingly, on January 27, 2026, the Court issued an Order to Show Cause in which it warned Defendant Eden that it must retain counsel or the Court will strike Defendant Eden's answer and will enter a default judgment against Defendant Eden.

Defendant Eden did not respond to the Order to Show Cause, but several other parties did. Defendant Suleiman "does not dispute that Eden has failed to retain counsel as required by D.N.M. LR-Civ. 83.7, nor does he seek to prevent the Court from taking appropriate action with respect to Eden's noncompliance." Doc. 246 at 1. However, because Plaintiffs allege claims of joint and several liability for the same acts of infringement against several Defendants, Defendant Suleiman's "concern is that any default judgment entered against Eden does not result in a final liability determination that could create inconsistent judgments or prejudice the rights of the non-defaulting defendants." *Id.* In other words, he explains that "[i]f the Court were to enter final judgment against Eden now, and the non-defaulting defendants were later found not liable on the merits," the result would be inconsistent. *Id.* at 3. As such, Defendant Suleiman does not oppose an entry of default against Defendant Eden under Rule 55(a), but requests that any judgment under Rule 55(b) be: (a) deferred until resolution of the claims against the non-defaulting defendants; or (b) expressly interlocutory and non-binding as to any non-defaulting defendant. *Id.* Defendants Majed Hamdouni and Francheska Sandoval filed a notice of joinder to Defendant Suleiman's request. Doc. 258.

Plaintiffs, for their part, argue that default judgment against Defendant Eden is necessary to end the prejudice Defendant Eden's failure to participate in discovery has caused. As such, Plaintiffs "propose that the Court enter default judgment against Eden on the Plaza LLC as a sanction, while making clear that plaintiffs are still obligated to prove the direct infringement

element of their secondary liability claims with respect to Mr. Hamdouni, Mr. Suleiman, and Ms. Sandoval." Doc. 282 at 2.

Federal Rule of Civil Procedure 55(a) requires the Clerk of Court to enter a "party's default" when a party against whom affirmative judgment is sought "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." After the Clerk enters such an entry of default, the requesting party may move for a default *judgment*. Fed. R. Civ. P. 55(b). However, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2690, at 455–56 (1983) and citing *Frow v. DeLaVega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)).

Because Plaintiffs' claims allege joint and several liability between Defendant Eden and numerous other non-defaulting Defendants (Majed Hamdouni, Francheska Sandoval, and Mark Suleiman), the Court will not enter default judgment against Defendant Eden at this time. Instead, the Court shall strike Defendant Eden's answer and enter default against Defendant Eden. If, after Plaintiffs' claims against all Eden Defendants (Majed Hamdouni, Francheska Sandoval, and Mark Suleiman) are resolved, Plaintiffs have obtained entry of judgment against the other Eden Defendants, Plaintiffs may move for default judgment according to Rule 55(b).

Plaintiffs oppose this resolution, arguing first that Defendant Eden's absence of counsel has caused them "ongoing prejudice" such as the inability obtain full discovery, to include conducting a Federal Rule of Civil Procedure 30(b)(6) deposition. Doc. 282 at 1. Further, Plaintiffs argue that an entry of default judgment is needed to "prevent the extreme prejudice that

would occur if Eden obtained counsel on the eve of summary judgment or trial in an attempt to suddenly contest the merits of plaintiffs' claims after refusing to participate in this litigation." Doc. 282 at 2. The Court agrees that it would prejudice Plaintiffs if they were forced to litigate their claims against Defendant Eden on a summary judgment motion or at trial without the benefit of discovery from Defendant Eden. Now that the Court has entered default against Defendant Eden, however, should Defendant Eden want to defend itself against Plaintiffs' allegations at a later time, it will have to move to set aside such default under Rule 55(c). If Defendant Eden were to so move, Plaintiffs could oppose such motion by presenting their prejudice arguments, along with any other arguments they might have, in opposition to such a motion. The Court would then consider any argument Defendant Eden might make in support of its motion to set aside against any argument Plaintiffs might make, including Plaintiffs' prejudice arguments, in opposition to such motion. At this point, however, Plaintiffs' prejudice arguments are not ripe.

Even if they were ripe, however, the Tenth Circuit's published decision in *Hunt* is binding authority. Nothing in the one case Plaintiffs cite indicates that *Hunt* is inapplicable to the present case. *See* Doc. 282 at 2 (citing *Applied Cap., Inc. v. Gibson*, No. CIV 05-98 JB/ACT, 2007 WL 5685131 (D.N.M. Sept. 27, 2007)). To the contrary, the passage of *Applied Capital* to which Plaintiffs cite mostly recites blackletter law that, unless damages are a liquidated sum or capable of mathematical calculation, a judge cannot enter a default judgment setting forth damages without a hearing or trial. 2007 WL 5685131 at *15. More significantly, the court in *Applied Capital* then quotes *Hunt* for the same proposition as the Court did in the present Opinion. It wrote, "With regard to multiple defendants, 'when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter

4

has been adjudicated with regard to all defendants, or all defendants have defaulted.' Such an approach avoids inconsistent liability determinations among joint tortfeasors." *Id.* (citing *H.B. Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d at 147, which cites *Frow v. DeLaVega,* 82 U.S. (15 Wall.) 552 (1872)). Following this directive, the Court is not at liberty to enter a default judgment against Defendant Eden at this time.

**IT IS THEREFORE ORDERED** that the Clerk strike Defendant Eden on the Plaza, LLC's answer and that the Clerk impose default against Defendant Eden. Once this matter is finally adjudicated against the other Eden Defendants (Defendants Majed Hamdouni, Francheska Sandoval, and Mark Suleiman) and if Plaintiffs have obtained an entry of judgment against the other Eden Defendants, Plaintiffs may move for Rule 55(b) default judgment against Defendant Eden on the Plaza, LLC.

_____
Steven C. Yarbrough
United State Magistrate Judge

5