**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SANTA FE GOLDWORKS INC. and
DAVID GRIEGO,

Plaintiffs,

v. Civ. No. 24-1005 SCY/KK

TURQUOISE TRAILS, LLC, AHMAD SHAWABKEH, EDEN ON THE PLAZA, LLC, MAJED HAMDOUNI, RACHID SAGHROUNI, FRANCHESKA SANDOVAL, and MARK SULEIMAN,

Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTIONS TO AMEND**

Plaintiffs move to amend their complaint to add a new claim for contributory infringement against Defendant Suleiman while Defendants Suleiman, Turquoise Trails, and Ahmad Shawabkeh move to amend their answer to clarify an affirmative defense based on the merger doctrine. Both parties oppose the other side's request to amend, arguing the amendment is untimely and futile. However, the Court finds both sides have shown good cause for the late amendment based on newly-discovery information and that justice so requires allowing both sides to amend their pleadings. As such, the Court grants the motions to amend.

**PROCEDURAL HISTORY**

Plaintiffs Santa Fe Goldworks and David Griego filed this lawsuit on October 4, 2024, alleging copyright and trademark infringement against two sets of Defendants: (1) Ahmad Shawabkeh and Turquoise Trails; and (2) Majed Hamdouni, Francheska Sandoval, Mark

Suleiman, and Eden on the Plaza.[1] Doc. 1. Shortly thereafter, Plaintiffs amended the complaint. Doc. 15. As it relates to Defendant Suleiman, the operative first amended complaint alleges that he leases and provides the space for Defendant Eden's store and that he "finances, supplies, and controls Eden on the Plaza." Doc. 15 ¶ 14. The first amended complaint brings one claim against Defendant Suleiman for vicarious copyright infringement. *Id.* ¶¶ 73-76. Defendants Turquoise Trails and Shawabkeh filed an answer to the amended complaint. Doc. 18. Defendant Suleiman, however, moved to dismiss the claim against him, arguing the first amended complaint fails to state a claim. Doc. 20. The Court disagreed, finding that the first amended complaint sufficiently alleges the elements of vicarious infringement: that Defendant Suleiman had a financial interest in the exploitation of copyrighted material and the ability to supervise the direct infringer. Doc. 42. Following this ruling, Defendant Suleiman filed his answer to the first amended complaint. Doc. 46.

Thereafter, the Court set the following case management deadlines: Plaintiffs to move to amend by March 7, 2025; Defendants to move to amend by April 15, 2025; close of discovery February 20, 2026; and pretrial motions due March 23, 2026. Docs. 26, 174. The parties then engaged in discovery.

On December 5, 2025, Defendant Suleiman filed the present Motion to Amend Answer, Doc. 180, which was joined by Defendants Turquoise Trails and Shawabkeh, Doc. 182; *see also* Doc. 192 (Plaintiffs' redacted response); Doc. 193 (sealed response); Doc. 203 (reply). On January 30, 2026, Plaintiffs filed the present Motion for Leave to Amend. Doc. 231 (sealed

[1] This second set of Defendants also included Rachid Saghrouni, but Plaintiffs later dismissed him from the case. Doc. 87.

motion); Doc. 232 (redacted motion); Doc. 239 (notice of supplement); *see also* Doc. 244 (response); Doc. 274 (sealed reply); Doc. 275 (redacted reply); Doc. 277 (reply errata).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(2), once the time for amending a pleading as a matter of course has expired, a party may only amend a pleading "with the opposing party's written consent, or the court's leave." "The court should freely give leave when justice so requires." *Id.* The motivation underlying this rule is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). However, a court may deny leave based on reasons such as undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The "most important[] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. The district court's decision is discretionary. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (court of appeals generally reviews "for abuse of discretion a district court's denial of leave to amend a complaint").

Here, because the deadlines established by the Court for amendments have passed, the movant must also establish good cause under Rule 16(b)(4) to amend the scheduling order. Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent."); *see also Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014). Indeed, this Court's Scheduling Order reminded the parties that "[p]arties may not modify case management deadlines on their own. Good cause must be shown . . . ." Doc. 26 at 2.

The good cause standard requires the movant "to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240 (quotations omitted). In this way, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007). Examples of good cause include "if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240. If, however, "the plaintiff knew of the underlying conduct but simply failed to raise tort claims, . . . the claims are barred." *Id.*

## DISCUSSION

### 1. Plaintiffs' Motion to Amend Complaint

Plaintiffs seek leave to amend their complaint to add a count of contributory infringement against Defendant Suleiman. That is, while the operative first amended complaint brings a claim against Defendant Suleiman for vicarious copyright infringement, the proposed second amended complaint seeks to add only one additional paragraph, alleging a claim for contributory infringement:[2]

> Mark Suleiman has knowingly induced, fostered, caused, materially contributed to, or participated in the reproduction, display, and distribution of plaintiffs' Protected Designs by Eden on the Plaza and Majed Hamdouni. He had knowledge that plaintiffs' Protected Designs were being infringed and materially contributed to the infringing activity by assisting in the reproduction of plaintiffs' copyrighted designs, paying for such reproductions, and guiding the display of such infringing works to the public.

[2] The proposed second amended complaint also seeks to remove the claims against Rachid Saghrouni since he has been dismissed from the case. Doc. 231-1 ¶¶ 12, 61.

Doc. 232-1 ¶ 63. Plaintiffs argue that recently-disclosed texts between Defendants Suleiman and Hamdouni "revealed for the first time that Mr. Suleiman's liability went beyond vicarious liability (financial interest and the right to supervise) and included contributing to Eden's and Mr. Hamdouni's infringement by funding the purchase of infringing jewelry, helping to source and ship it from overseas, and guiding its display in Eden's store." Doc. 232 at 1-2.

As Plaintiffs explain, on April 1, 2025 Defendant Eden responded to the following discovery requests from Plaintiff Goldworks:

> REQUEST FOR PRODUCTION NO. 3: Please produce all sketches, drafts, notes, emails, Communications and other Documents referenced, used, or created in connection with the conception, manufacturing, supply, development, marketing, display, or offering for sale of each piece of Eden's Jewelry from July 24, 2019 to the present.
>
> RESPONSE: There are no responsive documents.
>
> REQUEST FOR PRODUCTION NO. 10: Please produce all Documents, Communications, and other material that refer or Relate to Goldworks or David Griego or any representative of Goldworks or Mr. Griego.
>
> RESPONSE: Defendant does not have any responsive documents within its custody or control.

Doc. 72-11 at 3, 4. Plaintiffs served similar requests for communications on Defendant Suleiman, who, on June 25, 2025, likewise stated that he did not have any responsive documents. Doc. 232-3 at 3, 6-7, 8 (requests for production nos. 3, 10, 14).

However, Plaintiffs allege, and Defendant Suleiman does not dispute, that Defendant Hamdouni (on December 2, 2025) and Defendant Suleiman (on January 23, 2026) produced supplemental documents responsive to those discovery requests. Doc. 232 at 5, 6. Plaintiffs allege these supplements contained "thousands of pages of documents" including text messages between and among Defendants Suleiman and Hamdouni and certain suppliers which, Plaintiffs assert, illuminated for the first time the extent of Defendant Suleiman's involvement with Eden.

Doc. 232 at 5. Additionally, Plaintiffs allege they learned additional information about Defendant Suleiman's involvement with Eden during Mr. Saghrouni's deposition on January 27, 2026. Doc. 232 at 7. Such newly-discovered information, received by Plaintiffs near the end of discovery, supports a finding of good cause to allow the amendment. *See Gorsuch*, 771 F.3d at 1240 ("Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery.").

Defendant Suleiman, for his part, argues that Plaintiffs fail to show good cause for the amendment because the evidence they identify in the newly-disclosed text messages "bears no relationship on their new claim." Doc. 244 at 4. That is, Defendant Suleiman interprets the information in the late-disclosed text messages differently than Plaintiffs interpret it. *Id.* at 4-8. The Court will not, at this stage, draw inferences from the text messages in favor of either party. Rather, Plaintiffs have presented a reasonable interpretation—even if it is one Defendant Suleiman disputes—that the newly-disclosed text messages show that Defendant Suleiman was more involved in Eden's business than Plaintiffs previously knew. *See* Docs. 231-5 to -7 (texts between Suleiman, Hamdouni, and jewelry suppliers); Doc. 231-9 (texts between Suleiman and Hamdouni which include discussions and pictures of the alleged infringing jewelry); Doc. 274 at 5-6, 7-9 (Plaintiffs' reply, explaining the timeline of the text messages and jewelry purchases).

Likewise, Defendant Suleiman argues that Mr. Saghrouni's deposition does not a support a good cause finding for the amendment because Mr. Saghrouni testified in his deposition that Defendant "Suleiman never controlled Eden, never profited from Eden, never financed Eden, never supplied Eden with zigzag jewelry, and never helped Eden sell zigzag jewelry." Doc. 244 at 1 (citing Doc. 244-1 at 265:25 to 268:13, 277:1-21). However, Plaintiffs also present deposition testimony from Mr. Saghrouni, in which he testified that Defendant Suleiman knew

about Eden's infringement and directed Defendant Hamdouni to not display the infringing jewelry in the window. Doc. 239-1 at 182:18 to 183:6, 188:1-25. Again, at this stage, the Court will not weigh the evidence or witness credibility. Instead, it finds that Plaintiffs have presented newly-discovery evidence to support filing a claim for contributory infringement. Thus, the Court finds that Plaintiffs have shown good cause for the late amendment.

Defendant Suleiman also argues that Plaintiffs have not shown good cause for the amendment because they "plead contributory infringement based on facts they alleged in their operative complaint." Doc. 244 at 2. That is, Defendant Suleiman argues no good cause exists to allow Plaintiffs' belated amendment when their operative first amended complaint, filed in November 2024, contains the same factual assertions needed to support a claim for contributory infringement. Indeed, the operative first amended complaint alleges that Defendant Suleiman "finances, supplies, and controls Eden on the Plaza"; "finances the operations of Eden on the Plaza, and as a result has control over its actions"; and "finances, provides retail space for, directs, and controls the Eden Defendants' infringing activities." Doc. 15 ¶¶ 14, 36, 73. However, the proposed second amended complaints adds allegations that Defendant Suleiman not just financed, supplied, and controlled Eden, but that he specifically did so with respect to jewelry he knew infringed on Plaintiffs' protected designs. *See* Doc. 232-1 ¶ 63 ("[Suleiman] had knowledge that plaintiffs' Protective Designs were being infringed and materially contributed to the infringing activity by assisting in the reproduction of plaintiffs' copyrighted designs, paying for such reproductions, and guiding the display of such infringing works to the public."). And, to the extent Defendant Suleiman argues that all the elements of a contributory infringement claim are already alleged in the operative first amended complaint, Doc. 244 at 3, he suffers no prejudice from the inclusion of additional facts that provide additional notice about the basis for

Plaintiffs' claim. *See Minter*, 451 F.3d at 1207 (10th Cir. 2006) ("[The] most important[] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.").

In addition to arguing that Plaintiffs' operative first amended complaint already alleges facts to support a claim of contributory infringement, Doc. 244 at 3-4, Defendant Suleiman also argues that the proposed second amended complaint (which includes those same allegations plus a few new ones) is futile because it fails to state a claim for contributory infringement. *See Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim.").

The Tenth Circuit has identified "three elements to a claim of contributory infringement: (1) direct infringement ('another's infringing activities'); (2) knowledge of direct infringement (the defendant 'knows of the infringement'); and (3) contribution to direct infringement ('the defendant causes or materially contributes')." *Greer v. Moon*, 83 F.4th 1283, 1287 (10th Cir. 2023). The proposed second amended complaint alleges that: (1) Defendant Eden displayed, distributed, and sold infringing copies of Plaintiffs' protected jewelry design, Doc. 232-1 ¶ 31; (2) Defendant Suleiman "had knowledge that Plaintiffs' Protected Designs were being infringed," *id.* ¶ 63; and (3) Defendant Suleiman "materially contributed to the infringing activity by assisting in the reproduction of Plaintiffs' copyrighted designs, paying for such reproductions, and guiding the display of such infringing works to the public," *id*. Although these allegations are minimal, taking them together with other allegations carried over from the operative first amended complaint—such as that Defendant Suleiman finances and controls Eden and has a financial interest in the infringing jewelry, Doc. 232-1 ¶¶ 34, 73—and drawing all reasonable inferences in Plaintiffs' favor, a reasonable jury could conclude that Defendant Suleiman

engaged in contributory infringement. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) ("[T]o withstand a [failure to state a claim] motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted). Accordingly, the Court finds Plaintiffs' amendment is not futile.

In sum, the Court finds good cause under Rule 16(b)(4) to allow this post-deadline amendment and also further finds, under Rule 15(a)(2), that no other reason (such as prejudice or futility) exists to deny leave to amend.

**2. Defendants' Motion to Amend Answer**

Prior to Plaintiffs moving to amend, Defendant Suleiman filed a motion to amend his answer, seeking to amend his seventh affirmative defense to explicitly mention the merger doctrine. Doc. 180 at 1. Currently, Defendant Suleiman's seventh affirmative defense asserts that "Plaintiffs' copyright claims are barred to the extent that Plaintiffs claim rights to elements of work that are functional, not original, or otherwise not protectable by copyright." Doc. 46 at 16, ¶ 7. Defendant Suleiman explains that, during Plaintiff David Griego's deposition, he provided "shifting explanations regarding the scope of Plaintiffs' copyright," and thus, "out of an abundance of caution," Doc. 180 at 3, Defendant Suleiman moves to amend his seventh affirmative defense to add the merger doctrine as follows: "Plaintiffs' copyright claims are barred to the extent that Plaintiffs claim rights to elements of works that are functional, not original, *violate the merger doctrine*, or otherwise are not protectable by copyright." Doc. 180-4 at 17, ¶ 7 (emphasis added). Defendant Suleiman asserts that the merger doctrine is simply an example of an instance where Plaintiffs "claim rights to elements of works that are . . . not protectable by copyright,"—i.e. the affirmative defense already alleged in Defendant Suleiman's

answer—but that he wishes to specifically add the phrase "violate the merger doctrine" to avoid any doubt. Doc. 180 at 3.

Defendants Turquoise Trails and Ahmad Shawabkeh move to join in and adopt Defendant Suleiman's motion to amend. Doc. 182. Their current answer includes that same affirmative defense that "Plaintiffs' copyright claims are barred to the extent that Plaintiffs claim rights to elements of works that are functional, not original, or otherwise not protectable by copyright." Doc. 18 ¶ 102. They likewise move to add the phrase "violate the merger doctrine" to that affirmative defense. Doc. 182-1 ¶ 103.

Plaintiffs oppose the requests to amend, arguing that the scope of the copyright is defined by the copyright registration and cannot be altered by testimony. Doc. 192 at 1-2. As such, Plaintiffs argue that Defendants' proposed amendment is untimely and would be futile. *Id.* at 3. Plaintiffs, however, fail to address Defendants' assertion that their affirmative defense already incorporates the merger doctrine and that they simply seek to explicitly list the merger doctrine. The Court agrees that the affirmative defense "otherwise not protectable by copyright" already encompasses the merger doctrine. *See Enter. Mgmt. Ltd., Inc. v. Warrick*, 717 F.3d 1112, 1117 (10th Cir. 2013) ("[W]hen a work expresses an idea in the only way it can be expressed, courts deny those expressions [copyright] protection under the 'merger doctrine.'"). As such, the Court finds no sufficient reason, such as futility, to deny Defendants leave to amend to clarify their affirmative defense.

Additionally, although Plaintiffs dispute the importance of Plaintiff Griego's deposition testimony on this matter, much like with Plaintiffs' motion to amend, the Court will not weigh the evidence at this stage. Instead, the Court finds that information learned during the deposition

of David Griego provides good cause under Rule 16(b)(4) to allow Defendants to amend their answer.

As further grounds, the Court notes that, once Plaintiffs filed their second amended complaint, Defendants must file an answer and they can clarify their affirmative defense in this answer. *See* Fed. R. Civ. 12(a)(1)(A); *C&M Res., LLC v. Extraction Oil & Gas, Inc.*, 159 F.4th 755, 765 (10th Cir. 2025) (citing with approval the permissive approach to amending an answer—i.e., that a defendant may amend its answer without leave of the court when an amended complaint has been filed—and holding that "[s]o long as a defendant effectively amends its responsive pleading, whether by right or by leave of court, the amended answer may appropriately add affirmative defenses") (internal citation omitted); *S. New England Tel. Co. v. Glob. NAPS, Inc.*, No. CIVA 3:04-CV-2075 JC, 2007 WL 521162, at *2 (D. Conn. Feb. 14, 2007) (under the permissive approach, "plaintiffs amend their complaint at their peril, opening themselves up to any and all counterclaims the defendants choose to assert.") (cleaned up). !

**CONCLUSION**

For these reasons, the Court GRANTS Plaintiffs' Motion for Leave to Amend (Doc. 232); Defendant Suleiman's Motion to Amend Answer (Doc. 180); and Defendants Turquoise Trails, LLC and Ahmad Shawabkeh's Motion to Join in and Adopt Defendant Mark Suleiman's Motion to Amend Answer (Doc. 182). By **September 30, 2026** Plaintiffs shall file their second amended complaint as a separate entry on the docket. Defendants shall file their answers to the second amended complaint (with the amended affirmative merger doctrine defense) according to the deadline set forth in Rule 15(a)(3).



STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE